# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY HOWARD BESSELAAR, <br> AIS # 00135043, <br>     Petitioner, <br><br> v. <br><br> JEFFERSON S. DUNN, <br> *Commissioner of the Alabama* <br> *Department of Corrections,* [1] <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 17-00132-WS-N |

## REPORT AND RECOMMENDATIONS

Petitioner Tracy Howard Besselaar, an Alabama prisoner proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus (Doc. 1) and paid the requisite filing fee (*see* Doc. 3).[2] The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and

---

[1] Substituted for Carvine L. Adams as "the state officer who has custody" of the petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (3/28/2017 electronic reference).

Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[3]  *See* S.D. Ala. GenLR 72(b); (3/28/2017 electronic reference).

Having conducted preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that it plainly appears Besselaar is entitled to no relief because the Court lacks subject matter jurisdiction to decide the merits of his petition.  Accordingly, the undersigned finds that Besselaar's petition is due to be **DISMISSED without prejudice** for lack of subject matter jurisdiction.  The undersigned also finds that Besselaar should be **DENIED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## I.    BACKGROUND

Per the allegations in the petition, Besselaar was convicted of burglary in the Circuit Court of Baldwin County, Alabama, in May 1997 and was given a life sentence.  Besselaar was released on parole on September 2, 2014.  On March 9, 2015, and again on July 24, 2015, Besselaar was arrested in Mobile, Alabama, the first time for driving under the influence (DUI), and the second for DUI and driving with a suspended license.  Besselaar was charged with these offenses in Mobile Municipal Court and entered pleas of not guilty, with trial being continued several times.

---

[3] As will be explained herein, the undersigned construes Besselaar's habeas petition as one brought under 28 U.S.C. § 2241.  Nevertheless, "[t]he district court may apply any or all of the[ R]ules[ Governing Section 2254 Cases in the United States District Courts] to a habeas corpus petition not" brought under 28 U.S.C. § 2254.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

On November 23, 2015, based on the new DUI charges, Besselaar was arrested for violating his parole in the Baldwin County burglary case, and on January 9, 2016, Besselaar's parole was revoked based on the parole court's finding that he was guilty of the March 9, 2015 DUI. However, the parole court found "insufficient evidence" to support a finding of guilt on the July 24, 2015 DUI charge. On January 20, 2016, while Besselaar was housed in Mobile County Metro Jail while awaiting transfer to state prison on the parole revocation, Besselaar was transported to Mobile Municipal Court for trial on his cases there, with Judge Carvine Adams presiding. Instead, trial was postponed, and Besselaar was transported to prison in February 2016.

In March 2016, Besselaar filed *pro se* a motion for appointment of counsel and a trial date with the municipal court, which Judge Adams denied in June 2016 in an order stating "that when or if [Besselaar] was ever released on parole again then [Besselaar] could notify the court and then the court would set the cases for trial." Besselaar then filed a series of motions with the municipal court demanding a speedy trial, which the court "ignored." Since then, Besselaar has made numerous unsuccessful attempts, in both the municipal court and various superior Alabama courts, to have his municipal court charges dismissed on denial of his right to a speedy trial. On January 25, 2017, the Alabama Court of Criminal Appeals transferred Besselaar's petition for a writ of mandamus to the Circuit Court of Mobile County, Alabama, which has taken no action on the mandamus petition. Besselaar filed the present habeas petition on March 28, 2017, the date he declares

under penalty of perjury that it was delivered to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. ANALYSIS

### a. Subject Matter Jurisdiction

Besselaar's present habeas petition challenges only the Mobile Municipal Court charges pending against him, demanding that this Court direct the municipal court to either set those charges for trial or to dismiss them based on denial of his right to a speedy trial. Because judgment has not been entered on the municipal court charges, Besselaar's present habeas petition is construed as being brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. For a state prisoner to be entitled to relief under § 2241, he must be "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). With regard to this "in custody" requirement, the Eleventh Circuit Court of Appeals has held:

> The question of whether a person is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction…
>
> Federal courts have jurisdiction to entertain habeas corpus petitions only from persons who are "*in custody*" in violation of the Constitution or laws or treaties of the United States.' We have construed this requirement very liberally, and it is by now well-settled that the use of habeas corpus is not restricted to situations in which the applicant is in actual, physical custody. Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. For example, the Supreme Court has extended habeas review to petitioners released on parole, released on

> their own recognizance pending execution of a sentence, and free on bail.
>
> Even in light of this broad interpretation given to the phrase "in custody," the term still requires that the state exercise some control over the petitioner. [A]lthough the word "custody" is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian.
>
> Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody under the conviction or sentence under attack at the time his petition is filed.

*Howard v. Warden*, 776 F.3d 772, 775–76 (11th Cir. 2015) (citations and quotations omitted).

In *Howard*, petitioner Roderick Howard, was indicted by a Georgia grand jury for burglary in 1995, but was never tried or convicted on that offense. Instead, in 1996, the trial court moved the 1995 indictment to the Georgia "dead docket," in which "prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court," where it remained pending. In 1997, Howard was convicted and sentenced in George state court for an unrelated burglary charge, with the state introducing evidence of the 1995 burglary as similar-transaction evidence at trial. Howard was released on parole for his 1997 but was later returned to custody for violating his parole conditions, at which time he filed a § 2241 habeas petition challenging only the 1995 "dead docket" indictment as violating his constitutional speedy trial and due process rights. *See id.* at 774-75. The Eleventh Circuit affirmed the district court's dismissal of Howard's petition for lack of subject matter jurisdiction for failure to meet the "in custody" requirement, explaining as follows:

To begin, the fact that Mr. Howard was incarcerated for violating the parole conditions on his 1997 conviction does not necessarily give us jurisdiction to review the 1995 dead-docketed indictment. Because his petition challenges only the 1995 dead-docketed indictment as unconstitutional, and not the 1997 conviction, Mr. Howard must be *in custody under the 1995 indictment* in order to satisfy Section 2241's requirements.

Also, the mere fact that evidence of the 1995 burglary was introduced at his 1997 trial does not render Mr. Howard in custody under the 1995 indictment. Although we have recognized that a person remains in custody even under a fully expired conviction in situations where the conviction is used to enhance a later sentence, there is no evidence here that the dead-docketed indictment enhanced Mr. Howard's 1997 sentence. Indeed, we are not aware of any other similarly direct relationship between the 1995 indictment and his current custody. *See Van Zant v. Fla. Parole Comm'n,* 104 F.3d 325, 328 (11th Cir. 1997) (per curiam) (rejecting argument that petitioner was in custody where relationship between alleged constitutional violation and custody was too "speculative and remote"). And contrary to Mr. Howard's argument, it was not the 1995 indictment that served as similar-transaction evidence for his 1997 conviction, but the facts that led to that indictment. This evidence could have been introduced even if Mr. Howard had never been indicted.

Neither is Mr. Howard in custody under the 1995 dead-docketed indictment itself. Nothing in the record evidences that the state is exercising ongoing control over Mr. Howard based on that indictment. By definition, the indictment is not active, and imposes no present restraints on Mr. Howard's liberty. For instance, it does not currently subject Mr. Howard to any reporting requirements, or limit his ability to work, travel, or reside where he pleases.

…

In *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973), the Supreme Court considered the pretrial habeas petition of an Alabama prisoner who alleged that a three-year-old Kentucky indictment accompanied by an interstate detainer warrant violated his right to a speedy trial. Id. at 486, 93 S. Ct. at

> 1125. Although it held that the detainer was sufficient to show custody, the Supreme Court expressly left open the question of "whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody' to attack the Kentucky indictment." *Braden*, 410 U.S. at 489 n.4, 93 S. Ct. at 1126 n.4. This brief discussion in *Braden* is consistent with the Supreme Court's recognition of the many other ways in which a state may restrain a person's liberty.
>
> Based on this, if Mr. Howard had shown that he is subject to some other type of restraint that is not shared by the general public, he could have satisfied the requirements of 28 U.S.C. § 2241(c)(3) even in the absence of a detainer warrant. He has shown no such restraint here.

*Id.* at 776-77 (some citations omitted).

Similarly, Besselaar has alleged nothing indicating that he is presently in custody under the municipal court indictments themselves. By his own admission there has been no trial on those charges, with Judge Adams expressly indicating that a trial would only be held if and when Besselaar is released from his present custody Moreover, Besselaar's parole was revoked based on conduct underlying the municipal court indictments, not on the indictments themselves. Besselaar confirms as much when he alleges that the parole board found sufficient evidence supporting only one of the DUIs he was charged with in municipal court, indicating that the parole board did not consider the municipal court charges themselves to be dispositive of guilt in the parole revocation proceedings.

Besselaar suggests that, because the "Alabama Board of Pardon and Parole reserves the right, by rule, to rescind an order of revocation it later finds was improvidently made[,] were [Besselaar] to be tried and acquitted of the DUI charges in Mobile Municipal Court, or if these charges were dismissed, there exists a

reasonable probability that the Ala. parole board would, upon finding the revocation improvidently made, rescind the revocation and direct [Besselaar]'s immediate release from custodial confinement." (Doc. 1 at 11).[4] He also posits that parole is "not likely to be granted in the face of 'pending' charges." (*Id.*). These propositions suggest little more than a possibility that the parole board might reconsider its revocation in the event Besselaar is acquitted on his municipal court charges or if the charges are dismissed (neither of which is a guaranteed outcome). Given that the granting of parole in Alabama is entirely discretionary, *see Thompson v. Bd. of Pardons & Paroles*, 806 So. 2d 374, 375 (Ala. 2001) (per curiam) (Ala. Code "[s]ection 15–22–26 is a typical parole statute that gives the parole board total discretion in the granting of paroles."), the relationship between Besselaar's current incarceration for parole revocation based on his 1997 Baldwin County conviction and his idle municipal court indictments is too speculative and remote for the Court to find that his is "in custody" under those indictments. *Cf. Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) (per curiam) (petitioner was not in custody to challenge a prior expired conviction when that conviction had merely been one of many factors used to deny parole);[5] *Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325,

---

[4] Besselaar appears to believe that this is a strong possibility because "[t]he parole court hearing officer's findings of guilty was based on inadmissible hearsay." (Doc. 1 at 11). However, though "it cannot serve as the sole basis for revocation[,]" "hearsay may be admitted in parole-revocation hearings..." *Morris v. Ala. Bd. of Pardons & Paroles*, 176 So. 3d 872, 874 (Ala. Crim. App. 2015).

[5] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

328 (11th Cir. 1997) ("The effect of the parole revocation in this case is even more speculative than in Sinclair. With two parole revocations on Van Zant's record, the Commission set the parole date at October 29, 2006. With three parole revocations on his record, however, the Commission accelerated his parole date to July 23, 2005. Even assuming that imposition of a parole date is equivalent to incarceration under a current sentence, Van Zant cannot challenge the parole revocation because its enhancement effect on his current parole date is too 'speculative and remote.' ").

Because Besselaar has failed to demonstrate that he is "in custody" pursuant to the indictments he is challenging, his habeas petition (Doc. 1) is due to be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

### b. Certificate of Appealability

In habeas actions, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

> In order to appeal from the dismissal of a § 2241 petition, a state prisoner must obtain a COA. *Sawyer v. Holder,* 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."); *Medberry v. Crosby,* 351 F.3d 1049, 1063 (11th Cir. 2003). When the district court disposes of a § 2241 petition on procedural grounds[ such as lack of subject matter jurisdiction], in order to obtain a COA, the petitioner must demonstrate that jurists of reason would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *see* 28 U.S.C. § 2253(c)(2)

*Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1322–23

(11th Cir.) (per curiam), *cert. denied sub nom.*, *Johnson v. Chatman*, 136 S. Ct. 532 (2015). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Upon consideration, the undersigned finds that Besselaar should be **DENIED** a Certificate of Appealability as to the dismissal of the present habeas petition as recommended herein, as reasonable jurists would not find it debatable whether the Court is correct in dismissing the petition for lack of subject matter jurisdiction.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[6]

---

[6] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States 0District Courts.

### c. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, and in the event the Court adopts the disposition recommended herein, the undersigned **RECOMMENDS** the Court certify that any appeal by Besselaar in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## III. CONCLUSION

In accordance with the foregoing analysis, it is **RECOMMENDED** that Besselaar's Petition for a Writ of Habeas Corpus (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Besselaar not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

## IV. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of April 2017.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**